**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| SL MONTEVIDEO TECHNOLOGY, INC., ) | |
| ) | |
| Plaintiff, ) | Hon. Richard H. Kyle |
| ) | Magistrate Judge Noel |
| v. ) | |
| ) | Case No.: 03-3302 RHK/FLN |
| EATON AEROSPACE, LLC, and ) | |
| ASTROMEC, INC., ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR A PROTECTIVE ORDER**
**TO PREVENT SCHEDULED DEPOSITION**

NOW COMES DEFENDANT Eaton Aerospace, LLC and Astromec, Inc.(hereinafter referred to collectively as "Eaton") by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c)(2) hereby move this Court to enter a Protective Order preventing Plaintiff from deposing Eaton's expert, Dr. Andrew Neuhalfen, on May 27, 2005.  In support of its Motion, Eaton states as follows:

1.	On the evening of  May 16, 2005, Plaintiff served a Notice of Deposition upon Eaton's expert witness, Dr. Andrew Neuhalfen.  Instead of consulting with Eaton's counsel to find a suitable date for all interested parties, Plaintiff effectuated service by serving a subpoena upon Dr. Neuhalfen at his home.  Dr. Neuhalfen was subpoenaed to appear on May 27, 2005, a date unilaterally chosen by Plaintiff.

2.	At that same time, Plaintiff also served Dr. Neuhalfen with a document subpoena requesting, among other things, materials Dr. Neuhalfen relied upon in the preparation of his report.  The subpoena requires that the documents be produced in alphabetical order by May 26, 2005.

3.  Upon learning of the scheduled deposition, Eaton's counsel, Elizabeth Bradshaw, contacted Plaintiff's counsel by email and indicated that although May 27th was not a good date for the deposition, she would try to make arrangements so that the deposition could proceed as noticed.

4.  On May 18, 2005, Ms. Bradshaw contacted Plaintiff's counsel by email to explain that, despite her efforts, both Dr. Neuhalfen and Eaton's counsel are unavailable on May 27, 2005. Specifically, Dr. Neuhalfen will be out of town for depositions the days immediately prior to May 27th leaving him little or no time to prepare for Plaintiff's deposition. Additionally, both Michael King and Ms. Bradshaw, have scheduling conflicts with Plaintiff's chosen date. Specifically, Mr. King is interviewing an out-of-state witness on May 27, 2005 and Ms. Bradshaw is attending a hearing in an unrelated matter.

5.  Eaton's counsel suggested June 2, June 3, June 7 or June 8 as alternative deposition dates. Plaintiff's counsel summarily rejected each proposed date. Plaintiff's counsel unreasonably maintains that the deposition must be held on May 27, 2005 in order to comply with this Court's Pretrial Scheduling Order setting June 1, 2005 as the deadline for filing non-dispositive motions. Plaintiff's counsel completely disregards, however, that this Court indicated that June 1st was not an absolutely firm date and that it had no objection to the parties agreeing among themselves to extend the deadline for filing non-dispositive motions. Eaton's counsel repeatedly suggested that the filing date for non-dispositive motions be moved to provide Plaintiff more time to depose Dr. Neuhalfen, however, Plaintiff refuses to agree to any modification to the Court's Pretrial Scheduling Order.

6.      Plaintiff's counsel's flat refusal to reschedule Dr. Neuhalfen's deposition or to extend the June 1, 2005 deadline necessitates this Court's intervention. Federal Rule of Civil Procedure 26(c) states that:

> Upon motion by a party . . . from whom discovery is sought . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including . . . that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place.

The unavailability of the deponent and counsel is good cause to postpone Dr. Neuhalfen's deposition especially in light of the fact that the noticed date was selected without input, consultation or agreement from Eaton. In such circumstances, a Protective Order should be entered preventing the May 27, 2005 deposition of Dr. Neuhalfen.

7.      Eaton is attempting to comply with Plaintiff's document subpoena and produce the requested materials by May 26, 2005. However, Eaton should be able to produce the documents in the form they are kept in the usual course of business rather than incur the additional expense of producing documents in alphabetical order. Plaintiff's request to have documents organized in alphabetical order clearly falls outside the requirements of Federal Rule of Civil Procedure 45(d) which states: "A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand." Eaton's counsel asked Plaintiff's counsel whether he would be willing to waive this requirement. Plaintiff's counsel simply said "No." Accordingly, a Protective Order is necessary to prevent Eaton from suffering undue burden and expense in its efforts to satisfy Plaintiff's document subpoena.

8. This motion is not being brought for the purpose of delaying the proceedings and Plaintiff will not be harmed if Eaton's Motion is granted.

WHEREFORE Defendant Eaton Aerospace LLC respectfully prays that this Court enter a Protective Order:

   A. Preventing Plaintiff SL Montevideo Technology, Inc. from deposing Eaton's expert witness, Dr. Neuhalfen, on May 27, 2005;

   B. Requiring Plaintiff's counsel to select an alternative deposition date that is acceptable to all parties involved; and

   C. Allowing Eaton to produce Dr. Neuhalfen's documents in the manner in which they are kept in the ordinary course of business.

Respectfully Submitted,

*s/ Ronald Banerji*
One of the Attorneys for Defendants

Frederick W. Morris (No. 75358)
Timothy P. Griffin (No. 285717)
LEONARD STREET AND DEINARD
Professional Association
150 South Fifth Street
Minneapolis, Minnesota 55402
(612) 335-1500

Michael H. King
Elizabeth M. Bradshaw
Ronald Banerji
LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.
180 North Stetson Avenue
Suite 1175
Chicago, Illinois 60601-6783
(312) 794-8000