**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| SL MONTEVIDEO TECHNOLOGY, INC., a Minnesota corporation, | |
| Plaintiff, | Hon. Richard H. Kyle |
| -vs- | Case No: 03-3302-RHK/FLN |
| EATON AEROSPACE, LLC., a Delaware limited liability company, and ASTROMEC, INC., a Nevada corporation, | **PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' LIABILITY EXPERT WITNESS ANDREW NEUHALFEN, PHD. (WITHOUT MEMORANDUM OF LAW OR NOTICE OF HEARING)** |
| Defendants. | |

---

| | |
|---|---|
| Mark H. Verwys (P23803) | Michael H. King |
| Plunkett & Cooney, PC | Elizabeth M. Bradshaw |
| Attorneys for Plaintiff | LeBoeuf, Lamb, Greene & MacRae, LLP |
| 333 Bridge Street, Ste 530 | Attorneys for Defendants |
| Grand Rapids, MI 49504 | 180 North Stetson Ave., Ste. 1175 |
| V: 616-752-4600     F: 616-752-4607 | Chicago, IL  60601 |
| | V:  312-794-8050     F:  312-794-8100 |
| | |
| David A. Engen | Frederick W. Morris |
| Baxter Engen, LTD | Leonard, Street & Deinard |
| Co-Counsel for Plaintiff | Co-Counsel for Defendants |
| Ames Business Center, Ste 360 | 150 South Fifth Street, Ste 2300 |
| 2500 West County Road 42 | Minneapolis, MN 55402 |
| Burnsville, MN 55337 | V: 612-335-1500     F:  612-335-1657 |
| V:  952-224-0900     F:  952-224-0901 | |

---

Plaintiff SL Montevideo Technology, Inc ("SL-MTI"), by its attorneys Plunkett & Cooney, P.C., respectfully requests, pursuant to

(i) LR7.1, F.R.E. 401, 402, 602, 702, 703, 705, and 801;

(ii) Daubert v Merrell Dow Pharmaceuticals, Inc., 509 U.S. 578, 125 L.Ed. 469, 113 S.Ct. 2786 (1993) and its progeny, and

(iii) the June 1, 2001 deadline for non-dispositive motions contained in this Court's May 9, 2005 Fourth & Final Amended Pretrial Schedule,

that this Court order that Defendants' named liability expert, Andrew J. Neuhalfen, PhD., may not testify at trial of this matter.  It is impossible for this Motion to be accompanied by any Memorandum of Law or Notice of Hearing, for the reasons explained below.

1. On April 1, 2005, Defendants served the Rule 26 Expert Witness Report prepared by Dr. Neuhalfen. That report strongly suggests that Dr. Neuhalfen is not qualified by knowledge, skill, experience, training or education to offer any expert opinions with respect to the product and issues involved in this matter, that his opinions are not based on sufficient facts or data, and that his opinions are unreliable and untrustworthy because they are not the product of reliable principles and methods reliably applied to the facts of this case. However, the specific factual information upon which Plaintiff's Motion can and will be based is available to Plaintiff only through its expert witness deposition of Dr. Neuhalfen.

2. The Court's May 9, 2005 Fourth & Final Amended Pretrial Schedule requires, as did the May 6, 2005 Third Amended Pretrial Schedule, filing of non-dispositive motions, including Daubert motions to disqualify expert witnesses, by June 1, 2005.

3. As more fully described in Plaintiff's Response to Defendants' May 25, 2005 Motion for Protective Order, filed contemporaneously herewith, beginning on April 9, 2005 Plaintiff's counsel unsuccessfully attempted on numerous occasions to suggest, request and notice dates for Dr. Neuhalfen's deposition, finally resorting to service on Dr. Neuhalfen on May 16, 2005 of a subpoena requiring his appearance for deposition at 9:00 am on May 27, 2005 in the office of Defendants' attorneys. Plaintiff's counsel and court reporter were present. At least one of Defendants' attorneys was present. Dr. Neuhalfen did not appear. Plaintiff's Response to Defendants' May 25, 2005 Motion for Protective Order will request that as a sanction for Dr. Neuhalfen's failure to comply with Plaintiff's May 16, 2005 subpoena, he be barred from testifying at trial.

4. LR 7.1 requires Plaintiff, as the moving party, to support this Motion with a Memorandum of Law, Affidavits and Exhibits filed at least 14 days prior to the hearing. Although Plainitiff would customarily file its Memorandum of Law and supporting testimony and exhibits with this Motion, it is unable to do so in this instance because it has been wrongfully precluded from deposing Dr. Neuhalfen. While Plaintiff's Memorandum of Law has been substantially complete since May 25, 2005, and Plaintiff had arranged for receipt of overnight

transcription of the aborted May 27, 2005 Neuhalfen deposition so that Plaintiff's Memorandum of Law would have been finished and filed on May 31, 2005, the Memorandum of Law is still incomplete because it lacks any references to Dr. Neuhalfen's anticipated testimony.

5.   LR 7.1 requires Plaintiff, as the moving party, to file with this Motion a Notice of Hearing.  However, Plaintiff cannot commit to a hearing date on this Motion, and hence to a filing date for its Memorandum of Law and exhibits, because Plaintiff does not know how the Court will rule on Defendants' pending Motion for Protective Order with respect to Dr. Neuhalfen's deposition.

6.   Notwithstanding Defendants' actions resulting in Plaintiff's inability to fully comply with LR 7.1, Plaintiff is nevertheless filing this motion in an attempt to follow the June 1, 2005 non-dispositive motion deadline set forth in the Court's pretrial orders.

Dated: June 1, 2005                                   PLUNKETT & COONEY, PC

*Mark H. Verwys (P23803)*
Attorneys for SL Montevideo Technology, Inc.

Branches.13498.30425.1417796-1